**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARCH INSURANCE COMPANY, a Missouri corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: ) |
| MICHAELS STORES, INC.; a Delaware Corporation, and DOES 1-50, inclusive, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Arch Insurance Company ("Arch") brings this complaint for declaratory relief against Michaels Stores, Inc. ("Michaels"), and Does 1-50, and alleges as follows:

## NATURE OF THE ACTION

1. This is an insurance coverage action for declaratory relief under 28 U.S.C. §§ 2201 and 2202, requesting judgment declaring the respective rights of the parties with respect to an actual controversy arising under liability insurance policies issued by Arch to Michaels (the "Policies"), as more specifically described below.

2. Arch brings this action to obtain a declaration that it has no duty to defend or indemnify Michaels in underlying putative class action lawsuits (the "Underlying Lawsuits") which allege that criminals tampered with PIN pad terminals in Michaels stores, allowing the criminals to capture customers' credit and debit card information. Plaintiffs' claims in the Underlying Lawsuits are based on Michaels' alleged failure to safeguard the PIN pad terminals and alleged failure to provide prompt and adequate notice of the security breaches.

3. Disputes exist between Arch and Michaels regarding whether the Policies provide coverage for the claims alleged in the Underlying Lawsuits. Arch has agreed to participate in Michaels' defense of the Underlying Lawsuits. However, Arch denies that it has any duty to defend or indemnify Michaels in the Underlying Lawsuits under the Polices. By this action, Arch seeks a declaration that the Policies do not provide coverage for the Underlying Lawsuits, that it has no duty to defend Michaels in the Underlying Lawsuits, and that it owes no duty to indemnify Michaels in the Underlying Lawsuits.

## THE PARTIES

4. Arch is a Missouri corporation with its principal place of business in New York, New York.

5. Arch is informed and believes, and on that basis alleges, that Michaels is a Delaware Corporation with its principal place of business in Irving, Texas.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 – 50, inclusive, are unknown to Arch at this time, which therefore sues said defendants by such fictitious names. Arch will seek leave of the court to amend this complaint to show the true names and capacities of those defendants when they have been ascertained. Arch is informed and believes and, on that basis alleges, that each of the fictitiously named defendants claims an interest or may claim an interest in the Policies.

## JURISDICTION AND VENUE

7. This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

8. An actual justiciable controversy exists between Arch and Michaels within the meaning of 28 U.S.C. § 2201 regarding the scope and extent of insurance coverage provided for the Underlying Lawsuits under the Policies.

9. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

10. Venue is proper in this Court under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this lawsuit occurred within this judicial district, because Michaels operates retail stores in this judicial district, and because the Underlying Lawsuits are being litigated in this judicial district or are pending transfer to this judicial district.

## THE UNDERLYING LAWSUITS

11. Michaels has tendered the following Underlying Lawsuits to Arch for defense and indemnity under one or more of the Policies:

   a. *In Re Michaels Stores Pin Pad Litigation*, United States District Court, Northern District of Illinois, Eastern Division, Case No. 1:11-cv-03350 (the "*Consolidated Action*").

   b. *Ramundo v. Michaels Stores, Inc.*, United States District Court, Northern District of Illinois, Eastern Division, Case No. 1:11-cv-03350 (the "*Ramundo Action*"). On June 3, 2011, Plaintiff Brandi F. Ramundo moved to consolidate the *Ramundo Action* with the *Allen* and *Siprut Actions* (described below), and for leave to file a consolidated complaint with plaintiffs in the *Allen* and *Siprut Actions*. On June 8, 2011, the Court granted that motion. On July 8, 2011, the Consolidated Amended Class Action Complaint ("CAC") was filed in the *Consolidated Action*.

   c. *Allen v. Michaels Stores, Inc.*, United States District Court, Northern District of Illinois, Eastern Division, Case No. 1:11-cv-03579 (the "*Allen Action*"). On June 3, 2011, Plaintiff Mary Allen moved to consolidate her lawsuit with the *Ramundo* and *Siprut Actions*, and for leave to file a consolidated complaint as alleged above. On June 8, 2011, the Court granted that motion and on July 8, 2011, the CAC was filed.

   d. *Siprut v. Michaels Stores, Inc.*, United States District Court, Northern District of Illinois, Eastern Division, Case No. 1:11-cv-03725 (the "*Siprut Action*"). On June 3, 2011, Plaintiff Kimberly M. Siprut moved to consolidate her lawsuit with the *Ramundo* and *Allen Actions*, and for leave to file a consolidated complaint as alleged above. On June 8, 2011, the Court granted that motion and on July 8, 2011, the CAC was filed.

  e. *Williams v. Michaels Stores, Inc.*, United States District Court, Northern District of Illinois, Eastern Division, Case No. 1:11-cv-03883 (the "*Williams Action*"). On June 8, 2011, Plaintiff Jeremy Williams moved to consolidate the *Williams Action* with the *Consolidated Action*. That motion was granted on June 14, 2011. Arch is informed and believes that the complaint in the *Williams Action* remains separate from the CAC.

  f. *Rosenfeld and Soffer v. Michaels Stores, Inc.*, originally filed in Superior Court of New Jersey, Passaic County, Law Division, Case No. L-3086-11 (the "*Rosenfeld Action*"). On August 5, 2011, Michaels removed the *Rosenfeld Action* to the United States District Court, District of New Jersey. On September 12, 2011, the *Rosenfeld Action* was transferred to the United States District Court, Northern District of Illinois, Eastern Division. On September 26, 2011, Michaels moved to consolidate the *Rosenfeld Action* with the *Consolidated Action*. That motion was granted on September 29, 2011. Arch is informed and believes that the complaint in the *Rosenfeld Action* remains separate from the CAC.

  g. *Sherry v. Michaels Stores, Inc.*, United States District Court, Northern District of Illinois, Case No. 1:11-cv-05900 (the "*Sherry Action*"). On September 26, 2011, Michaels moved to consolidate the *Sherry Action* with the *Consolidated Action*. That motion was granted on September 29, 2011. Arch is informed and believes that the complaint in the *Sherry Action* remains separate from the CAC.

  h. *Wilson v. Michaels Stores, Inc.*, originally filed in Superior Court of New Jersey, Morris County, Law Division, Case No. L-2336-11 (the "*Wilson Action*"). On September 9, 2011, Michaels removed the *Wilson Action* to the United States District Court, District of New Jersey. On October 13, 2011, Michaels filed a motion to transfer the *Wilson Action* to the United States District Court, Northern District of Illinois, Eastern Division. Arch is informed and believes that Michaels' motion to transfer is still pending.

12. Plaintiffs in the Underlying Lawsuits allege Michaels failed to safeguard PIN pad terminals in its stores, thereby allowing criminals to gain access to their financial information and to make unauthorized withdrawals and unauthorized purchases from their bank accounts. Plaintiffs further allege that Michaels failed to provide them with prompt and adequate notice of the security breaches.

13. The *Consolidated Action* alleges a putative class and subclass defined as:

  All persons residing in the United States who made an in-store purchase at a Michaels store in the United States using a debit or credit card that was

swiped through a PIN pad at any time from December 1, 2010 to the present (the "Class").

\*\*\*

All Class members who reside in the State of Illinois or made an in-store purchase at a Michaels store in the State of Illinois using a debit or credit card that was swiped through a PIN pad (the "Illinois Subclass").

14. The *Williams Action* alleges a putative class defined as "all persons who made an in-store purchase at a Michaels store affected by payment card tagging using a debit or credit card that was swiped through a PIN pad at any time from February 8, 2011 through the present (the 'Class')." The *Williams Action* alleges a subclass consisting of class members whose transactions occurred in Illinois.

15. The *Rosenfeld Action* alleges a putative class defined as "All citizens of New Jersey who made an in-store purchase at a Michaels store in New Jersey using a debit or credit card that was swiped through an in-store PIN pad at any time from January 1, 2011 through the present."

16. The *Sherry Action* alleges a putative class defined as:

> All persons who used an electronic payment method that required them to enter a PIN number at the point of sale at a Michaels owned store in the states of Illinois, Colorado, Delaware, Georgia, Iowa, Massachusetts, Maryland, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oregon, Pennsylvania, Rhode Island, Utah, Virginia or Washington ("Class States") during the period February 8, 2011 through May 6, 2011 ("Class Period").

17. The *Wilson Action* alleges a putative class defined as "All residents of New Jersey who made an in-store purchase at a Michaels store in New Jersey using a debit or credit card that was swiped through an in-store PIN pad at any time from January 1, 2011 through the present."

18. Arch has agreed to participate in Michaels' defense of the Underlying Lawsuits. However, Arch denies that it has any duty to defend or indemnify Michaels in the Underlying Lawsuits under the Polices and seeks judicial declarations to that effect by this action.

## THE POLICIES

19. Arch issued policy nos. 41GPP4944600, 41GPP4944601, and 41GPP4944602 to Michaels for successive policy periods from June 1, 2008 to June 1, 2011 (*i.e.,* the Policies). The Declarations pages in the Policies describe Michaels' business as "Retail Crafting Store."

20. The Policies provide limits of $1 million per "occurrence" for Bodily Injury and Property Damage Liability (Coverage A) and $1 million for "any one person or organization" for Personal and Advertising Injury Liability (Coverage B), subject to a $10 million General Aggregate Limit.

21. The Policies provide Commercial General Liability coverage pursuant to form CG 00 01 12 07 which provides (as modified by an endorsement amending the definition of "bodily injury"), in part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

    ***

    b. This insurance applies to "bodily injury" and "property damage" only if:

    **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [and]

    **(2)**    The "bodily injury" or "property damage" occurs during the policy period….

***

**2.**    **Exclusions**

This insurance does not apply to:

**p.**    **Electronic Data**

Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

***

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.**    **Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. …

***

    **b.**    This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**2.**    **Exclusions**

This insurance does not apply to:

\*\*\*

**c.** **Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

\*\*\*

**f.** **Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

\*\*\*

**p.** **Distribution Of Material In Violation Of Statutes**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1) The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

(3) Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

\*\*\*

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

**1.** We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

\*\*\*

    **e.**    All costs taxed against the insured in the "suit." However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

***

**SECTION V – DEFINITIONS**

***

**3.**    "Bodily injury" means physical or mental injury, sickness or disease, including death resulting from any of these; or the following when accompanied by physical injury, sickness or disease: mental anguish; shock; fright; or emotional distress.

***

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**    "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

    **a.**    False arrest, detention or imprisonment;

    **b.**    Malicious prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**    Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.**    The use of another's advertising idea in your "advertisement"; or

    **g.**    Infringing upon another's copyright, trade dress or slogan in your "advertisement."

***

**17.**    "Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

22. Each of the Policies includes a "Commercial General Liability Deductible Endorsement," form 00 GL0356 00 09 07, with a deductible amount of $500,000 applicable to Coverage A on a "per occurrence" basis and applicable to Coverage B on an "each person or organization" basis. That endorsement provides, in part, as follows:

    **A.**    **DEDUCTIBLE**

    Our obligation to pay damages, costs, expenses, benefits, or medical payments, subject to the Limit of Insurance as shown in the Declarations, will be reduced by the Deductible shown in the Schedule. Our Limit of Insurance includes, and is not in addition to, the Deductible.

***

    **C.**    **ALLOCATED LOSS ADJUSTMENT EXPENSES**

    You must reimburse us for "Allocated Loss Adjustment Expenses" incurred by us as part of Supplementary Payments in defending a claim or "suit" as indicated by one of the options below:

        X 1. Option 1 – "Allocated Loss Adjustment Expenses" Are Included In The Deductible Shown In The Schedule. Your total reimbursement for damages, costs, expenses, benefits, medical payments and "Allocated Loss Adjustment Expenses" combined shall not exceed the Deductible shown in the Schedule.

***

> Your obligation to reimburse us for "Allocated Loss Adjustment Expense" applies separately to each occurrence, claim, "employee", common cause or person or organization.
>
> "Allocated Loss Adjustment Expenses" means such claim adjustment expenses directly allocated by us to a particular claim. Such expenses shall include, but not be limited to, attorney's fees for claims in suit; court costs; pre- and post judgment interest; undercover operatives and detective services; employing experts; medical examination, medical cost containment expenses, laboratory, x-ray, and autopsy; stenographic, witnesses, summons, and copies of documents and transcripts; or expenses reasonably chargeable to the investigation, negotiation, settlement or defense of any claim or "suit" against you or for the protection and perfection of your or our subrogation rights.

23. The Underlying Lawsuits do not allege claims within or potentially within the coverage of the Policies. Hence, Arch is not obligated to defend Michaels with respect to those claims and Arch has no obligation to satisfy any judgment that may be entered or to pay any settlement that may be reached in the Underlying Lawsuits.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief Against All Defendants –**
**No Duty To Defend –** *Consolidated Action*)

24. Arch incorporates by reference the allegations set forth at paragraphs 1 through 23 as though fully set forth herein.

25. An actual and present controversy has arisen and now exists between Arch and Michaels concerning their respective rights and obligations under the Policies with respect to the *Consolidated Action*. Arch contends it has no duty to defend the CAC filed in the *Consolidated Action* under the Policies for at least the following reasons:

    a. The lawsuit does not allege "bodily injury" or "property damage" under Coverage A ("Bodily Injury And Property Damage Liability") in the Policies;

b. To the extent the lawsuit alleges "bodily injury" or "property damage" under Coverage A, such "bodily injury" or "property damage" did not occur during the policy period of one or more of the Policies;

c. To the extent the lawsuit alleges "bodily injury" or "property damage" under Coverage A, such "bodily injury" or "property damage" was not caused by an "occurrence";

d. To the extent the lawsuit alleges "bodily injury" or "property damage" under Coverage A, any coverage for such "bodily injury" or "property damage" is eliminated by the "Electronic Data" exclusion;

e. The lawsuit does not allege "personal and advertising injury" arising out of any of the defined "personal and advertising injury" offenses as required under Coverage B ("Personal And Advertising Injury Liability") in the Policies;

f. The lawsuit does not seek damages "because of 'personal and advertising injury'" as required under Coverage B in the Policies;

g. The lawsuit does not allege "'personal and advertising injury' caused by an offense arising out of your business" as required under Coverage B in the Policies;

h. To the extent the lawsuit alleges "personal and advertising injury" caused by an offense under Coverage B, the offense was not committed during the policy period of one or more of the Policies;

i. To the extent the lawsuit alleges "personal and advertising injury" under Coverage B, any coverage for such "personal and advertising injury" is eliminated by the "Material Published Prior To Policy Period" exclusion;

      j.      To the extent the lawsuit alleges "personal and advertising injury" under Coverage B, any coverage for such "personal and advertising injury" is eliminated by the "Breach Of Contract" exclusion;

      k.      To the extent the lawsuit alleges "personal and advertising injury" under Coverage B, any coverage for such "personal and advertising injury" is eliminated by the "Distribution Of Material In Violation Of Statutes" exclusion;

      l.      Plaintiffs' claims for relief in the lawsuit do not constitute "damages" covered under the Policies; and

      m.      Michaels has not satisfied its deductible obligations under the Policies.

26.     Arch is informed and believes, and on that basis alleges, that Michaels contends Arch owes a duty to defend the *Consolidated Action*.

27.     Arch seeks a judicial declaration, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), *et seq.*, of the respective rights and duties of the parties under the Policies and, specifically, that Arch has no duty to defend the *Consolidated Action*. Arch has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

### SECOND CAUSE OF ACTION
**(Declaratory Relief Against All Defendants –  
No Duty To Indemnify – *Consolidated Action*)**

28.     Arch incorporates by reference the allegations set forth at paragraphs 1 through 27 as though fully set forth herein.

29.     An actual and present controversy has arisen and now exists between Arch and Michaels concerning their respective rights and obligations under the Policies with respect to the *Consolidated Action*. Arch contends it has no duty to indemnify in connection with the *Consolidated Action* for the reasons set forth in Paragraph 25.

30. Arch is informed and believes, and on that basis alleges, that Michaels contends Arch owes a duty to indemnify in connection with the *Consolidated Action*.

31. Arch seeks a judicial declaration, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), *et seq.*, of the respective rights and duties of the parties under the Policies and, specifically, that Arch has no duty to indemnify in connection with the *Consolidated Action*. Arch has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

**THIRD CAUSE OF ACTION**
**(Declaratory Relief Against All Defendants –**
**No Duty To Defend – *Williams Action*)**

32. Arch incorporates by reference the allegations set forth at paragraphs 1 through 31 as though fully set forth herein.

33. An actual and present controversy has arisen and now exists between Arch and Michaels concerning their respective rights and obligations under the Policies with respect to the *Williams Action*. Arch contends it has no duty to defend the *Williams Action* under the Policies for the reasons set forth in Paragraph 25.

34. Arch is informed and believes, and on that basis alleges, that Michaels contends Arch owes a duty to defend the *Williams Action*.

35. Arch seeks a judicial declaration, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), *et seq.*, of the respective rights and duties of the parties under the Policies and, specifically, that Arch has no duty to defend the *Williams Action*. Arch has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

**FOURTH CAUSE OF ACTION**
**(Declaratory Relief Against All Defendants –**
**No Duty To Indemnify – *Williams Action*)**

36. Arch incorporates by reference the allegations set forth at paragraphs 1 through 35 as though fully set forth herein.

37. An actual and present controversy has arisen and now exists between Arch and Michaels concerning their respective rights and obligations under the Policies with respect to the *Williams Action*. Arch contends it has no duty to indemnify in connection with the *Williams Action* for the reasons set forth in Paragraph 25.

38. Arch is informed and believes, and on that basis alleges, that Michaels contends Arch owes a duty to indemnify in connection with the *Williams Action*.

39. Arch seeks a judicial declaration, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), *et seq.*, of the respective rights and duties of the parties under the Policies and, specifically, that Arch has no duty to indemnify in connection with the *Williams Action*. Arch has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

**FIFTH CAUSE OF ACTION**
**(Declaratory Relief Against All Defendants –**
**No Duty To Defend – *Rosenfeld Action*)**

40. Arch incorporates by reference the allegations set forth at paragraphs 1 through 39 as though fully set forth herein.

41. An actual and present controversy has arisen and now exists between Arch and Michaels concerning their respective rights and obligations under the Policies with respect to the *Rosenfeld Action*. Arch contends it has no duty to defend the *Rosenfeld Action* under the Policies for the reasons set forth in Paragraph 25.

42. Arch is informed and believes, and on that basis alleges, that Michaels contends Arch owes a duty to defend the *Rosenfeld Action*.

43. Arch seeks a judicial declaration, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), *et seq.*, of the respective rights and duties of the parties under the Policies and, specifically, that Arch has no duty to defend the *Rosenfeld Action*. Arch has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

**SIXTH CAUSE OF ACTION**
**(Declaratory Relief Against All Defendants –**
**No Duty To Indemnify –** *Rosenfeld Action*)

44. Arch incorporates by reference the allegations set forth at paragraphs 1 through 43 as though fully set forth herein.

45. An actual and present controversy has arisen and now exists between Arch and Michaels concerning their respective rights and obligations under the Policies with respect to the *Rosenfeld Action*. Arch contends it has no duty to indemnify in connection with the *Rosenfeld Action* for the reasons set forth in Paragraph 25.

46. Arch is informed and believes, and on that basis alleges, that Michaels contends Arch owes a duty to indemnify in connection with the *Rosenfeld Action*.

47. Arch seeks a judicial declaration, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), *et seq.*, of the respective rights and duties of the parties under the Policies and, specifically, that Arch has no duty to indemnify in connection with the *Rosenfeld Action*. Arch has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

**SEVENTH CAUSE OF ACTION**
**(Declaratory Relief Against All Defendants –**
**No Duty To Defend – *Sherry Action*)**

48. Arch incorporates by reference the allegations set forth at paragraphs 1 through 47 as though fully set forth herein.

49. An actual and present controversy has arisen and now exists between Arch and Michaels concerning their respective rights and obligations under the Policies with respect to the *Sherry Action*. Arch contends it has no duty to defend the *Sherry Action* under the Policies for the reasons set forth in Paragraph 25.

50. Arch is informed and believes, and on that basis alleges, that Michaels contends Arch owes a duty to defend the *Sherry Action*.

51. Arch seeks a judicial declaration, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), *et seq.*, of the respective rights and duties of the parties under the Policies and, specifically, that Arch has no duty to defend the *Sherry Action*. Arch has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

**EIGHTH CAUSE OF ACTION**
**(Declaratory Relief Against All Defendants –**
**No Duty To Indemnify –** *Sherry Action*)

52. Arch incorporates by reference the allegations set forth at paragraphs 1 through 51 as though fully set forth herein.

53. An actual and present controversy has arisen and now exists between Arch and Michaels concerning their respective rights and obligations under the Policies with respect to the *Sherry Action*. Arch contends it has no duty to indemnify in connection with the *Sherry Action* for the reasons set forth in Paragraph 25.

54. Arch is informed and believes, and on that basis alleges, that Michaels contends Arch owes a duty to indemnify in connection with the *Sherry Action*.

55. Arch seeks a judicial declaration, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), *et seq.*, of the respective rights and duties of the parties under the Policies and, specifically, that Arch has no duty to indemnify in connection with the *Sherry*

*Action*. Arch has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

### NINTH CAUSE OF ACTION
### (Declaratory Relief Against All Defendants – No Duty To Defend – *Wilson Action*)

56. Arch incorporates by reference the allegations set forth at paragraphs 1 through 55 as though fully set forth herein.

57. An actual and present controversy has arisen and now exists between Arch and Michaels concerning their respective rights and obligations under the Policies with respect to the *Wilson Action*. Arch contends it has no duty to defend the *Wilson Action* under the Policies for the reasons set forth in Paragraph 25.

58. Arch is informed and believes, and on that basis alleges, that Michaels contends Arch owes a duty to defend the *Wilson Action*.

59. Arch seeks a judicial declaration, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), *et seq*., of the respective rights and duties of the parties under the Policies and, specifically, that Arch has no duty to defend the *Wilson Action*. Arch has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

### TENTH CAUSE OF ACTION
### (Declaratory Relief Against All Defendants – No Duty To Indemnify – *Wilson Action*)

60. Arch incorporates by reference the allegations set forth at paragraphs 1 through 59 as though fully set forth herein.

61. An actual and present controversy has arisen and now exists between Arch and Michaels concerning their respective rights and obligations under the Policies with respect to the *Wilson Action*. Arch contends it has no duty to indemnify in connection with the *Wilson Action* for the reasons set forth in Paragraph 25.

62.     Arch is informed and believes, and on that basis alleges, that Michaels contends Arch owes a duty to indemnify in connection with the *Wilson Action*.

63.     Arch seeks a judicial declaration, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), *et seq.*, of the respective rights and duties of the parties under the Policies and, specifically, that Arch has no duty to indemnify in connection with the *Wilson Action*. Arch has no adequate remedy at law and a judicial declaration is necessary and appropriate at this time.

## PRAYER FOR RELIEF

WHEREFORE, Arch prays for judgment as follows:

1.     For a judicial declaration that Arch has no duty to defend Michaels in the Underlying Lawsuits under the Policies;

2.     For a judicial declaration that Arch has no duty to indemnify Michaels in the Underlying Lawsuits under the Policies;

3.     For costs of suit; and

4.     For such other relief as the court deems just and proper.

Dated:  February 3, 2012                                Plaintiff Arch Insurance Company

                                                                        By:     s/ Ryan T. Brown
                                                                                    Ryan T. Brown

Ryan T. Brown, ARDC #6269256
GORDON & REES LLP
One North Franklin, Suite 800
Chicago, Illinois 60606
Tel:  (312) 565-1400
Fax:  (312) 565-6511
Email: rtbrown@gordonrees.com
*Counsel for Plaintiff Arch Insurance Company*

ARPL/1073516/11630036v.1